IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KING MICHAEL OLIVER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-cv-1114-SMY |
| ) | |
| ILLINOIS DEPARTMENT OF HEALTH ) | |
| AND FAMILY SERVICES, ) | |
| DAN GOBERT, JUDGE, SECRETARY ) | |
| OF THE U.S. DEPARTMENT OF ) | |
| TREASURY, U.S. COMMISSIONER OF ) | |
| INTERNAL REVENUE, ) | |
| U.S. DEPARTMENT OF TREASURY, ) | |
| U.S. INTERNAL REVENUE SERVICES, ) | |
| and USA, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff King Michael Oliver filed this *pro se* 42 U.S.C. § 1983 lawsuit seeking injunctive and monetary relief arising from an alleged unlawful child support judgment entered against him by an Illinois court. Oliver names as defendants the Illinois Department of Health and Family Services, Assistant Attorney General Dan Gobert, an unknown judge, the Secretary of the U.S. Department of Treasury, the U.S. Department of Treasury, the U.S. Commissioner of Internal Revenue, the U.S. Internal Revenue Services, and the United States.

Oliver's Motion for Leave to Proceed *in Forma Pauperis* ("IFP") (Doc. 4) is now before the Court. For the following reasons, the motion is **DENIED**.

Under 28 U.S.C. § 1915, an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such

fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Section 1915 applies to non-prisoner plaintiffs and prisoners alike. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Oliver has sufficiently demonstrated his indigence in this case. He states in his motion and accompanying affidavit that he is currently incarcerated and unemployed and has no other income. His prisoner trust account has a balance of approximately $.19. Based upon this information, Oliver is unable to pay the costs of commencing his lawsuit. The Court's inquiry does not end there, however, because § 1915(e)(2) requires careful threshold scrutiny of a Complaint filed by a plaintiff seeking to proceed IFP.

The Court may dismiss a case if it determines the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense"). Thus, in conducting the § 1915(e)(2) screening, the Court is required to determine if the Complaint presents any potentially meritorious factual and legal grounds. The Complaint must contain allegations that go beyond a merely speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In this case, Oliver alleges that the Defendants violated his constitutional rights because his Coronavirus Aid, Relief and Economic Security Act (CARES Act) economic impact payment ("EIP") was directed to the Illinois Department of Health and Family Services arising from an unlawful 2012 default judgment against him for child support. He asserts that he was not aware of the default judgment against him until 2017 when he was incarcerated at Pinckneyville

Correctional Center. In 2020, he filed multiple motions for status and a motion to dismiss the default judgment in state court.

Defendant Dan Gobert, an Assistant Attorney General for the State of Illinois, responded in opposition to the motion to dismiss. Oliver contends that a hearing was scheduled without his presence and that the default judgment was rendered without the state court establishing personal jurisdiction over him. He asserts that Defendants' failure to provide him with the EIP violates his constitutional rights. He seeks compensatory damages and injunctive relief enjoining the Defendants from withholding his EIP.

A review of the Complaint fails to reveal a claim for which relief may be granted by a federal court. The CARES Act, Pub. L. No. 116-136, 134 Stat. 281 (Mar. 27, 2020), provides for the disbursement of "economic impact payments" of $1,200 or more to certain taxpayers. *See* CARES Act § 2201, 134 Stat. 335, codified at 26 U.S.C. § 6428. Based on Oliver's allegations, it appears that his EIP was offset because he owes delinquent child support. The Act authorizes such offsets. *See https://fiscal.treasury.gov/top/faqs-for-the-public-covid-19.html* (last visited October 19, 2021) (The Economic Impact Payment under the CARES Act can be offset through the Treasury Offset Program ("TOP") only to collect delinquent child support obligations that have been referred by the state). An individual's entire EIP authorized by the CARES Act can be offset, up to the amount of his or her child support debt. *See id.*

Oliver seeks to have this Court to essentially overrule the default judgment and have the EIP distributed even if there is a valid child support order. However, district courts are precluded by the *Rooker-Feldman* doctrine from reviewing state-court judgments, such as a judgment for child support. *See Exxon Mobil Corp. v. Saudi Indus. Corp.*, 544 U.S. 280, 291-92 (2005) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)); *Rooker v. Fidelity Trust Co.*, 263

U.S. 413, 416 (1923). Instead, litigants who feel that a state court proceeding has violated their federal rights must assert those rights in state court and then appeal that decision through the state court system and, as appropriate, to the United States Supreme Court. *See Golden v. Helen Sigman & Assoc., Ltd.*, 611 F.3d 356, 361-62 (7th Cir. 2010) (holding that *Rooker-Feldman* barred review of claims related to a state court divorce and child custody proceedings); *Garry v. Geils*, 82 F.3d 1362, 1366 (7th Cir. 1996) (Under the *Rooker-Feldman* doctrine, a federal district court may not grant relief from a plaintiff's injury that "stems from the state judgment—an erroneous judgment perhaps, entered after procedures said to be unconstitutional, but a judgment nonetheless."). Therefore, this Court lacks jurisdiction to entertain his claims.

Based on the foregoing, Oliver fails to present any factually or legally meritorious grounds for his lawsuit to proceed before this Court. Accordingly, Plaintiff's Complaint is **DISMISSED with prejudice** and his motion to proceed *in forma pauperis* is **DENIED**. All pending motions are **TERMINATED** as **MOOT** and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

    **IT IS SO ORDERED.**

    DATED: October 19, 2021

**STACI M. YANDLE**
**United States District Judge**