IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KING MICHAEL OLIVER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cv-1114-SMY |
| | ) |
| ILLINOIS DEPARTMENT OF HEALTH | ) |
| AND FAMILY SERVICES, | ) |
| DAN GOBERT, JUDGE, SECRETARY | ) |
| OF THE U.S. DEPARTMENT OF | ) |
| TREASURY, U.S. COMMISSIONER OF | ) |
| INTERNAL REVENUE, | ) |
| U.S. DEPARTMENT OF TREASURY, | ) |
| U.S. INTERNAL REVENUE SERVICES, | ) |
| and USA, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff King Michael Oliver filed the instant *pro se* lawsuit pursuant to 42 U.S.C. § 1983. He seeks injunctive and monetary relief arising from an alleged unlawful child support judgment entered against him by an Illinois court. Oliver named the Illinois Department of Health and Family Services, Assistant Attorney General Dan Gobert, an unknown judge, the Secretary of the U.S. Department of Treasury, the U.S. Department of Treasury, the U.S. Commissioner of Internal Revenue, the U.S. Internal Revenue Services, and the United States as defendants. On October 19, 2021, this Court dismissed the case with prejudice and entered judgment (Docs. 9, 10). Oliver now moves the Court to alter or amend the judgment (Docs. 13, 14, and 15).

A motion filed after judgment has been entered can be analyzed either under Rule 59(e) or under Rule 60(b) of the Federal Rules of Civil Procedure. When a substantive motion is filed

within twenty-eight (28) days of entry of judgment or order, courts generally construe it as a motion pursuant to Rule 59(e); later filed motions are construed under Rule 60(b). *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). As Oliver's motion was filed beyond 28 days after the entry of the October 19, 2021 Judgment, it will be analyzed under Rule 60(b).

Rule 60(b) of the Federal Rules of Civil Procedure permits relief from a judgment on bases, including mistake or "any other reason justifying relief from the operation of judgment." Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is an extraordinary remedy and is only granted in exceptional circumstances. *United States v. 8136 S. Dobson St., Chicago Ill.*, 125 F.3d 1076, 1082 (7th Cir. 1997).

Motions for reconsideration are not appropriate vehicles for re-litigating arguments the Court previously rejected or for arguing issues or presenting evidence that could have been raised during the pendency of the motion presently under reconsideration. *Sigworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir. 2007). Here, Oliver continues to challenge the alleged withholding of economic impact payments by the State of Illinois – an argument that was previously made and rejected. He fails to identify any newly discovered case law or a manifest error of law or fact committed by the Court. Accordingly, the motions to amend or alter judgment (Docs. 13, 14, and 15) are **DENIED**.

    IT IS SO ORDERED.

    DATED: April 5, 2022

**STACI M. YANDLE**
**United States District Judge**